**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**No. 17-4658**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANA MARITZA GOMEZ, a/k/a Ana Gomez,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:16-cr-00052-RWT-3)

Submitted: October 31, 2018         Decided: July 31, 2019

Before DIAZ and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

A.D. Martin, LAW OFFICE OF ANTHONY D. MARTIN, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Kristi N. O'Malley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ana Maritza Gomez was convicted after a jury trial of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (2012), and mail fraud, in violation of 18 U.S.C. §§ 2, 1341 (2012). For the reasons that follow, we affirm.

Gomez's convictions arose out of her participation in a mortgage refinance scam, and specifically her efforts to recruit homeowners to participate in the scheme. At trial, Gomez sought to question the Government's case agent regarding a co-conspirator's statement made during a trial preparation session. That statement indicated that Gomez did not know of the scheme's fraudulent nature when she recruited homeowners to join, and, Gomez believes, would have supported a good faith defense. Her co-conspirator refused to testify at Gomez's trial, however, and the district court denied Gomez's efforts to question the Government's case agent, holding that the statements Gomez sought to elicit constituted inadmissible hearsay.

On appeal, Gomez first argues that the district court should have admitted the statement under the residual exception to the rule against hearsay. *See* Fed. R. Evid. 807. We review this challenge to the district court's evidentiary ruling for abuse of discretion. *United States v. Hassan*, 742 F.3d 104, 130 (4th Cir. 2014). A district court has abused its discretion "if its decision [was] guided by erroneous legal principles or rest[ed] upon a clearly erroneous factual finding." *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted).

We discern no such abuse of discretion here. The residual exception is to "be used very rarely, and only in exceptional circumstances." *United States v. Heyward*, 729 F.2d

2

297, 299–300 (4th Cir. 1984) (internal quotation marks omitted). Of the factors identified by Rule 807 for determining its application, *see* Fed. R. Evid. 807(a), the first – whether the statement enjoys equivalent circumstantial guarantees of trustworthiness to the enumerated exceptions to the hearsay rule – is the most important. *United States v. Dunford*, 148 F.3d 385, 393 (4th Cir. 1998). Here, the statement Gomez sought to introduce does not enjoy sufficient guarantees of trustworthiness, and so we find that the district court did not abuse its discretion by declining to admit it under the residual exception to the rule against hearsay. *See also United States v. Devillasee*, 199 F.3d 1328 (4th Cir. 1999) (unpublished table decision) (holding that the district court did not abuse its discretion by declining to admit a witness interview summary prepared by a government agent after the relevant witnesses exercised their Fifth Amendment rights).

Gomez also raises two other arguments for the statement's admission that she did not present to the district court. First, Gomez argues that her co-conspirator's statement was admissible as a statement "offered against an opposing party" that "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Second, Gomez maintains that the district court's hearsay ruling violated the Sixth Amendment by denying her the opportunity to present a complete defense. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

Because Gomez failed to make these arguments before the district court, our review is for plain error only. *See United States v. Keita*, 742 F.3d 184, 189 (4th Cir. 2014) ("[W]hen a defendant fails to make a specific and timely objection at trial, our review is restricted to plain error."). To prevail under the plain error standard, the

3

defendant must establish that "there was an error, the error was plain, and the error affected the defendant's substantial rights." *Id.* (internal quotation marks and alterations omitted). The correction of plain error lies within our discretion, which we may exercise "if the error seriously affects the fairness, integrity or public reputation of judicial proceedings, or the defendant is actually innocent." *Id.* (internal quotation marks and alterations omitted).

Under this demanding standard, we conclude that neither of Gomez's arguments establishes plain error. Rule 801(d)(2)(D) requires that Gomez show that, when her co-conspirator made the disputed statement, he was an agent of the party-opponent – here, the Government. *See Womack v. Tierco Md. Inc.*, 38 F. App'x 850, 857 (4th Cir. 2002) (citing *Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 618–20 (4th Cir. 1991)). Gomez has not made that showing, and so we find that the district court did not plainly err by excluding her co-conspirator's statement. *See United States v. Brack*, 651 F.3d 388, 392 (4th Cir. 2011) ("An error is plain when it is obvious or clear under current law." (internal quotation marks omitted)).

With respect to Gomez's constitutional argument, the right under the Sixth Amendment to present a full defense is not absolute, *United States v. Prince-Oyibo*, 320 F.3d 494, 501 (4th Cir. 2003), and "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process," *Chambers*, 410 U.S. at 295. Thus, while courts may not apply the rules of evidence "mechanistically to defeat the ends of justice," *id.* at 302, a defendant "does not have an unfettered right" to present any and all evidence, *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Here, Gomez has not shown that

4

the district court's application of the hearsay rule plainly violated her constitutional rights. *See Brack*, 651 F.3d at 392.[*]

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Gomez also argues that the district court erred by declining to admit the Government case agent's notes or summaries from the trial preparation session in which Gomez's co-conspirator gave the disputed statement. Those materials, Gomez contends, represent either admissible records of regularly conducted activity, *see* Fed. R. Evid. 803(6), or admissible public records, *see* Fed. R. Evid. 803(8). Gomez, however, never moved to admit any such notes or summaries. We therefore find Gomez's argument unreviewable for purposes of this appeal. *See Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir.1999) ("Generally, issues that were not raised in the district court will not be addressed on appeal.").